CARLOS SABATER GARCÍA, demandante y apelado, *v.* THE UNION CENTRAL LIFE INSURANCE COMPANY, demandada y apelante.

No. 5802.—*Sometido:* Enero 18, 1933. *Resuelto:* Abril 6, 1933.

*Manuel F. Rossy, Artemio P. Rodríguez* y *Adrián Agosto*, abogados de la apelante; *José Sabater*, abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Versa este pleito sobre nulidad de un ejecutivo hipotecario. Se sostiene en la demanda, en resumen, que la demandada, The Union Central Life Insurance Company, presentó en junio de 1926 en la Corte de Distrito de Mayagüez una ''moción para requerimiento de pago'' alegando que Carlos Sabater, el demandante, y su esposa, habían constituído a su

favor una hipoteca sobre cierta finca rústica por $10,000 de capital, $13,491.80 de intereses y $500 para costas, dividida en veinte pagarés anuales de $1,174.59 cada uno, a vencer el primero en noviembre de 1921; que el deudor no había pagado ningún plazo por lo que se consideraba vencida la deuda, especificándose los plazos y los intereses y terminando con el siguiente "Resumen: Capital $14,666.11, Intereses $7,996.25, Costas y Honorarios $500", alegando que la suma, $23,162.36, era la que se debía; que de acuerdo con lo solicitado la corte por orden de 2 de junio, 1926, dispuso que se requiriera de pago al deudor y así lo hizo el márshal catorce días después; que The Union Central Life en septiembre 26, 1926, presentó una moción que no fué notificada al deudor ni de la cual tuvo éste conocimiento, manifestando que en la petición y orden de requerimiento hubo error en la suma de las cantidades por intereses por lo que presentaba una liquidación corregida que ascendía a $18,355.21, pidiendo que la finca hipotecada se vendiera en pública subasta para el pago de la deuda según la última liquidación; que la corte por orden de octubre 15, 1926, dispuso en efecto que se vendiera la finca de acuerdo con la última liquidación, y que el márshal en noviembre 15, 1926, procedió a vender la finca hipotecada y en ese mismo día, sin notificar al demandante ni a su esposa y sin que éstos tuvieran conocimiento de ello, pidió a la corte que dictara una orden adicional enmendando la de remate para corregir las cantidades que definitivamente debían pagarse, rectificándose la liquidación de $18,855.21 por la de $19,054.96, ordenando la corte que el remate se verificara por la suma rectificada. Insiste el demandante en las diferencias observadas y alega por último que de acuerdo con la escritura de hipoteca la verdadera cantidad que adeudaba era el importe del préstamo $10,000, más los intereses sobre dicha suma al 10 por ciento anual, seis años, $6,000 y el importe de las contribuciones no satisfechas que no especifica. Termina suplicando que se dicte sentencia declarando nulo el procedimiento ejecutivo hipotecario, con costas a la demandada.

La contestación de la demandada ocupa cinco páginas en maquinilla. Es larga y confusa. Acepta las rectificaciones, las explica y sostiene que todo se hizo a las claras y sólo se cobró finalmente al demandante lo que realmente debía.

Fué el pleito a juicio y la corte lo falló en febrero 25, 1931, en contra de la demandada. Las conclusiones de derecho en que basó su sentencia fueron:

*"Primera:* Habiéndose presentado la demanda ejecutiva alegándose que el deudor no había pagado ningún plazo y se inició el ejecutivo por los primeros plazos vencidos no hay duda ninguna que la ejecutante sufrió una equivocación en el cobro de su crédito que ha viciado de nulidad todo el procedimiento por la razón de que si la cantidad total del préstamo con sus intereses acumulados por un término de 20 años monta según la escritura de hipoteca a $23,491.80, no es posible que cobrándose solamente cinco años de intereses por la falta de pago, ascendiera la cantidad reclamada a $23,162.36 o sea a casi la totalidad del préstamo con los intereses acumulados por 20 años. En realidad la ejecutante ha debido, por lo mismo que se trataba de una cantidad total de $23,491.80 que comprende capital e intereses acumulados por 20 años al 10 por ciento anual, descomponer la operación de préstamo y calcular únicamente los intereses por el tiempo transcurrido, que eran los que realmente se debían y en tal caso nunca hubiera llegado la cantidad reclamada a más de $15,000.00 de capital e intereses acumulados en cinco años y a esa cantidad habría que haberle agregado el importe de las contribuciones satisfechas sobre la finca hipotecada por la corporación acreedora ejecutante.

*"Segunda:* Habiendo hecho requerir la ejecutante al deudor para el pago de una cantidad casi igual al montante del préstamo con los intereses acumulados por 20 años o sea por $23,162.36, y habiendo después obtenido que se anunciara el remate por una cantidad menor o sea por $18,855.21 y después y en el mismo día del remate, habiendo rectificado esa cantidad y adjudicádose la finca hipotecada por una cantidad mayor que la anunciada en los edictos de subasta y menor que la ordenada en el requerimiento de pago o sea por $19,054.96, no hay duda alguna que no se siguió el procedimiento marcado por la ley, habiéndose además incluído en esa cantidad de la adjudicación $500 para costas y honorarios de abogado de la corporación eje-

cutante sin que se hubiera hecho tasación alguna de las costas realmente causadas y de los honorarios que procedía se pagaran al abogado de la ejecutante."

No conforme la demandada interpuso el presente recurso de apelación.

Examinados el legajo de la sentencia y la exposición del caso resulta que en efecto se otorgó la hipoteca a que se refiere la demanda reconociendo el demandante deber a la demandada la suma de $10,000 que se comprometió a pagar con sus intereses que se calcularon y convinieron en $13,491.80 en veinte plazos anuales, suscribiéndose al efecto veinte pagarés por $1,174.59 cada uno, que forman en junto el capital y los intereses indicados o sea la suma de $23,491.80.

Las partes contratantes estipularon que vencido un pagaré sin satisfacer se consideraría vencida toda la deuda, con el interés del 12 por ciento anual desde el vencimiento de cada pagaré. También que la compañía pagaría las contribuciones que dejara de satisfacer el deudor reintegrándose de ellas con el interés del 12 por ciento anual. Se fijó la suma de quinientos dólares para costas en caso de ejecución.

Cuando el procedimiento de cobro por la vía sumarísima que autoriza la Ley Hipotecaria se inició, se habían vencido cinco pagarés. Se detalló cada uno en el escrito y se sumó su importe dando por resultado $5,732 porque al primero sólo se le asignó la suma de $1,033.64. A la suma se le adicionó la de $8,934.11 como resto del capital, obteniéndose el siguiente resultado: $14,666.11. Entonces se especificaron los intereses devengados por cada uno de los pagarés vencidos y por el resto del capital, así:

"INTERESES:

"Del primer pagaré desde 1 noviembre del 21 a 1 abril del 26_____ $547. 84
"Del segundo pagaré desde 1 noviembre 22 a 1 abril del 26_____ 481. 58
"Del tercer pagaré desde 1 noviembre del 23 a 1 abril del 26_____ 340. 63

"Del cuarto pagaré de 1 noviembre del 24 a 1 abril del 26_____ 199. 68

"Del quinto pagaré de 1 noviembre 25 a 1 abril 26__ 58. 73

"10 por ciento sobre el resto del capital de $8,934.11 de 1 noviembre 25 a 1 abril 26_____ 372. 25

"Suma_____ $7, 732. 71"

La suma tal como aparece se llevó al resumen a que nos referimos al extractar la demanda, obteniéndose la de $23,162.36, para el pago de la cual se requirió al deudor que ahora establece este pleito de nulidad.

Basta revisar la suma de los intereses para concluir que no es la de $7,732.71, sino la de $2,000.71. Advertido el error, pidió el ejecutante su corrección como sigue:

"Resto del capital vencido_____ $8, 934. 11

"Pagarés vencidos del 21 al 25_____ 5, 732. 00

"Redención y contribuciones _____ 863. 30

"Suma el capital_____ $15, 529. 41

"Intereses del resto del préstamo de los cinco pagarés y de las contribuciones y redención de la finca _____ 2, 825. 80

"Total _____ $18, 355. 21

"Y costas y honorarios_____ 500. 00

"Total general _____ $18, 855. 21"

Se verá que se incluyen además $863.30 por redención y contribuciones e intereses de esa suma englobados en la partida de intereses por resto del préstamo y de los cinco pagarés vencidos. Se acompañaron los documentos relativos a la redención de la finca y pago de contribuciones. Todo sube a $18,855.21, en vez de los $23,162.36 del requerimiento.

La moción pidiendo la rectificación no se notificó al deudor hipotecario y fué resuelta de conformidad.

Se publicaron los edictos anunciando la venta de la finca hipotecada en pública subasta especificándose la suma reclamada de acuerdo con la rectificación.

En el mismo día de la subasta se hizo otra rectificación, a moción de la ejecutante no notificada al deudor, así:

```
"Capital _____  $8, 652. 93
"Contribuciones_____      863. 30
"Intereses hasta el día del remate 15 noviembre
    del 26_____    9, 038. 73
"Costas y honorarios_____      500. 00
                                                      _____
    "Total _____  $19, 054. 96"
```

¿Convierten esas rectificaciones, hechas en la forma en que lo fueron, en nulo el procedimiento ejecutivo hipotecario seguido en este caso?

La inclusión de la partida de quinientos dólares para costas y honorarios "sin que se hubiera hecho tasación alguna de las costas realmente causadas" ha dejado de tener importancia después de la decisión de esta corte en el caso de *Arsuaga* v. *Corte*, 43 D.P.R. 1001, ratificada en decisiones posteriores.

El cobro de intereses se hizo de acuerdo con el contrato. No es como indica el demandante, a saber: seis años, seis mil dólares, o sea el diez por ciento sobre los diez mil prestados. Calculados los intereses se englobaron al capital y se pactó el pago de todo en veinte años suscribiéndose veinte pagarés. Vencido cada pagaré se convino el pago de intereses sobre la suma por él representada, a razón del doce por ciento anual.

En cuanto a las correcciones, después de un estudio cuidadoso de los hechos, la ley y la jurisprudencia, nos inclinamos a resolver que no producen necesariamente la nulidad del procedimiento.

La corte actuó con plena jurisdicción. La hipoteca que se ejecutó estaba debidamente otorgada. La deuda de acuerdo con lo pactado estaba vencida. El requerimiento se hizo como prescribe la ley. Es cierto que se requirió de pago por una cantidad mayor de la que se debía por intereses, pero bastaba una simple rectificación de la suma para concluir que

se trataba de un mero error aritmético. El demandante no alegó que dentro del plazo del requerimiento ofreciera pagar lo que en verdad debía. Nada hizo. Dejó transcurrir el término y el procedimiento siguió adelante.

Advertido el error antes de publicarse los edictos, fué corregido. ¿Debió verificarse un nuevo requerimiento, sobre todo cuando se pedía la inclusión de las nuevas partidas sobre redención y pago de contribuciones con intereses?

La prudencia, la claridad que debe procurarse observar en todo procedimiento judicial, la oportunidad de actuar debidamente que debe darse siempre a la parte contraria, sugieren una respuesta afirmativa, pero entendemos que en ausencia de perjuicio alguno, el solo hecho de la falta de la notificación cuando la rectificación en cuanto a los intereses surgía de los hechos mismos alegados en el escrito inicial y la adición sobre el cobro de las contribuciones pagadas por el acreedor por haber el deudor dejado de satisfacerlas, con sus intereses, no sólo estaba basada en los expresos términos del contrato y en la ley, si que además comprobada con los documentos acompañados a la moción según consta de la exposición del caso, no es bastante para anular el procedimiento.

Tampoco puede anularlo la segunda rectificación. Era innecesaria. Consistió en la inclusión de los intereses devengados hasta el momento de la subasta. La cantidad debida en octubre 15, 1926 en que se dictó la orden de remate era la de $18,855.21, y la cantidad por la que se adjudicó la finca al acreedor en el remate fué la de $19,054.96, o sea una diferencia de $199.75 a que montan los intereses devengados entre octubre 15, 1926, y el 15 de noviembre siguiente, día de la subasta.

Ningún derecho fundamental del deudor fué violado. La finca adjudicada finalmente en pago de $19,054.96 estaba valorada a los efectos del pago de contribuciones por su dueño en $12,640 y fué tasada por ambas partes al celebrarse el contrato en $15,000. Ningún perjuicio surge de los autos. Fuera de las indicadas rectificaciones, el procedimiento se

ajustó a la ley. Un decreto de nulidad bajo tales circunstancias no es justo, a nuestro juicio.

*Debe, en tal virtud, revocarse la sentencia apelada y dictarse otra declarando la demanda sin lugar, sin especial condenación de costas.*

El Juez Asociado Señor Hutchison disintió.*

### OPINIÓN CONCURRENTE DEL JUEZ ASOCIADO SR. WOLF

Cuando está envuelta una cuestión de contribuciones, al deudor debe dársele la oportunidad de satisfacerlas en el requerimiento original. El que se dejara de hacerlo, sin embargo, no anuló, a mi juicio, el procedimiento ejecutivo en este caso. A lo sumo, si tales contribuciones no estaban vencidas, el deudor podría recuperarlas, tal vez aun del comprador. No creo que el procedimiento ejecutivo deba ser anulado por este defecto relativamente pequeño y convengo con la corte en que el error, si lo hubo, fué inofensivo. Según se dijo en la opinión de la mayoría, el contrato disponía el pago de contribuciones, y su cobro en este caso no perjudicó al deudor. En *Carmen Gutiérrez Vda. de Crosas*, v. *María Longpré Benítez et al.*, resuelto el 16 de marzo, 1933, ante, pág. 667, quizás estuvimos un poco más en duda en cuanto al efecto de haberse dejado de incluir las contribuciones en el requerimiento original, pero tanto allí como aquí no surgió perjuicio alguno.